FRANK A. MATTEI AND BEDINA MATTEI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mattei v. Commissioner
Docket No. 828-77.
United States Tax Court
T.C. Memo 1978-269; 1978 Tax Ct. Memo LEXIS 245; 37 T.C.M. (CCH) 1157; T.C.M. (RIA) 78269; July 24, 1978, Filed *245 Frank A. Mattei, pro se. James A. Jaeger, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined a deficiency in income tax due from petitioners for the taxable year 1974 in the amount of $ 5,988.14. As a result of agreement by the parties, the only issue remaining for decision relates to the deductibility as interest for the taxable year 1974 of two checks totaling $ 8,000 made out by the petitioner to the Mattei-Nappi Pension Fund. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners filed a joint income tax return for the taxable year 1974 using the cash receipts and disbursement method of accounting. Mrs. Mattei is a party solely by virtue of filing a joint return and hereafter Frank Mattei will be referred to as the petitioner. The petitioner was a medical doctor engaged in the practice of orthopedic surgery through a professional corporation. The corporation had established the "Mattei-Nappi Pension Fund" in which petitioner was a member or a participant. Petitioner and *246 a Dr. Nappi were trustees of the fund. On October 8 and November 1, 1971, petitioner withdrew from the account of the pension fund the sums of $ 20,000 and $ 80,000 respectively. At about the same time, petitioner executed a note showing an indebtedness of $ 100,000 to the pension fund, providing for interest at the rate of 5 percent, to be secured by the stock of Paris Business Forms, Inc., which was to be purchased with the amounts withdrawn. Said stock was issued in the name of petitioner, Dr. Nappi and a third party. Under date of December 31, 1974, petitioner drew two checks on his personal account payable to the order of the Mattei-Nappi Pension Fund in the amounts of $ 2,000 and $ 6,000 respectively. In May of 1975, the checks were negotiated to purchase certificates of deposit. In his return for the taxable year 1974, petitioner deducted the sum of $ 8,000 as interest paid on account of the purported loan from the pension fund. At the trial, petitioner conceded that only the check for $ 6,000 related to such loan.
OPINION Petitioner filed his return on a cash receipts and disbursement method of accounting. He seeks to deduct as interest paid a check in the amount *247 of $ 6,000, dated December 31, 1974, which he held and did not negotiate on behalf of the payee until May 1975. The check was paid when presented for payment. Petitioner deducted the amount as interest paid in the taxable year 1974. As a general rule, a cash basis taxpayer may treat as having been paid an item for which a check is issued during the taxable year, although the check may not physically be presented for payment until the subsequent year. So long as the check is honored when presented for payment, the fact that the payee may not have physically been able to obtain payment prior to the taxable year does not serve to postpone the deductibility of the payment by a taxpayer on the cash basis method of accounting. ; . See also . In the instant case, however, it is clear that the check in question never left the control of the petitioner. Petitioner stated that he placed the check in a folder of the MATTEI-Nappi Pension Fund, of which he was a trustee. The check was not entered on the stub *248 in his checkbook. There was nothing to prevent the petitioner from tearing up the check at any time until it was presented for payment in May of 1975. Under such circumstances, the payment is not deductible for the taxable year 1974. Decision will be entered under Rule 155.